IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ASD SPECIALTY HEALTHCARE, INC., ) | |
| d/b/a ONCOLOGY SUPPLY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:10-CV-388-WKW [WO] |
| ) | |
| JEFFREY P. LETZER, D.O., PLC, d/b/a ) | |
| KALAMAZOO HEMATOLOGY & ) | |
| ONCOLOGY, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the court on Defendant Jeffrey P. Letzer, D.O., PLC d/b/a Kalamazoo Hematology & Oncology's ("KHO") Motion to Dismiss on *forum non conveniens* grounds. (Doc. # 7.) Upon careful consideration of counsel's arguments, the relevant law, and the record as a whole, the court finds that the motion is due to be denied.

### I. JURISDICTION AND VENUE

Subject matter jurisdiction is exercised pursuant to 28 U.S.C. § 1332. The parties do not contest personal jurisdiction or venue (in this district), and the court finds adequate allegations in support of both.

### II. FACTUAL BACKGROUND

Plaintiff ASD Specialty Healthcare, Inc., d/b/a Oncology Supply ("OS") brings this diversity action against KHO for breach of contract and unjust enrichment, alleging that

KHO failed to remit payment for certain pharmaceutical products provided by OS to KHO. The record establishes the following facts.

ASD Speciality Healthcare ("ASD") is a California corporation with its principal place of business in Texas. (Compl. ¶ 1 (Doc. # 1).) ASD operates under various trade names, including OS, which maintains a place of business in Dothan, Alabama. (Compl. ¶ 1.) OS supplies medical and pharmaceutical products to cancer treatment centers. (Compl. ¶ 6.) Defendant KHO is a Michigan company that operates a cancer treatment facility in Kalamazoo, Michigan. (Compl. ¶¶ 2, 7.)

On March 27, 2009, KHO and a sales representative of OS, John Johns, met at KHO's clinic in Kalamazoo, Michigan, to discuss the purchase of pharmaceutical products. (Compl. ¶¶ 8-9; Letzer Aff. ¶ 4 (Doc. # 8, Ex. 1).) Also present at the meeting were Dr. Letzer, the sole owner of KHO, and Ambrose Garcia, a representative of Oncology Physician Resources, PLLC ("OPR"). (Letzer Aff. ¶¶ 3-4.) OPR negotiates on behalf of its members to secure favorable pricing for medical supplies. (Letzer Aff. ¶ 3.) Dr. Letzer is a member of OPR. (Letzer Aff. ¶ 3.)

During this meeting (or shortly thereafter), Dr. Letzer signed the agreement – titled, "Application for New Account" – that serves as the basis for this lawsuit. (Compl. ¶ 9; Letzer Aff. ¶¶ 4, 6.) The agreement establishes a credit account on behalf of KHO, under which OS would ship pharmaceutical supplies to KHO for future payment. (Doc. # 8, Ex. 2).) The agreement contains the following forum selection clause:

2

> **Governing Law**: This Agreement shall be construed and enforced in accordance with the laws of the State of Alabama, without reference to its principles of conflict of laws. Each of the parties agrees that legal or equitable action between the parties shall be brought, and each of the parties irrevocably consents to personal jurisdiction, in the United States District Court for the Middle District of Alabama, Montgomery Division, or if such court does not have jurisdiction or will not accept jurisdiction, in any court of general jurisdiction in Houston County, Alabama, and waives any objection it may have to the laying of venue of any such action in such court.

(Doc. # 8, Ex. 2.)

KHO ordered medical and pharmaceutical supplies from OS pursuant to this agreement, and OS shipped said supplies to KHO on credit. OS contends that there remains an outstanding balance of $287,974.86, plus interest, attorneys' fees, and costs, which KHO has failed to pay. (Compl. ¶ 15.)

### III. DISCUSSION

Rather than seek transfer pursuant to 28 U.S.C. §§ 1404 or 1406, KHO brings this motion to dismiss under the common law doctrine of *forum non conveniens*. (*See* Docs. # 7, 8.) At the outset, it is important to distinguish between a motion to dismiss under this doctrine and a motion to transfer venue pursuant to 28 U.S.C. § 1404(a), as the latter has largely superseded the former. *See Am. Dredging Co. v. Miller*, 510 U.S. 443, 449 n.2 (1994).

Prior to the enactment of § 1404(a) in 1948, the common law doctrine of *forum non conveniens*[1] provided the only mechanism under which courts could transfer venue for "the

---

[1] Pursuant to the doctrine of *forum non conveniens*, "'when an alternative forum has jurisdiction to hear a case, and when trial in the chosen forum would establish oppressiveness and vexation to a

convenience of the parties and witnesses." *See Howe v. Goldcorp Inv., Ltd*, 946 F.2d 944, 947 (1st Cir. 1991). Thus, courts used this doctrine to transfer cases between districts in the United States. *Id.*; *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501 (1947) (applying the common law doctrine of *forum non conveniens* to effect transfer from New York to Virginia). Since 1948, federal courts have relied on their statutory authority under § 1404(a) to transfer cases between domestic forums. *Howe*, 946 F.2d at 947. Thus, subsequent to the enactment of § 1404(a), the doctrine of *forum non conveniens* applies only where there is no proper federal forum to which the case can be transferred, and where the more convenient forum is in a foreign country. *See Am. Dredging Co.*, 510 U.S. at 449 n.2 ("[T]he federal doctrine of *forum non conveniens* has continuing application only in cases where the alternative forum is abroad.").

Because KHO seeks transfer to the Western District of Michigan, and not to a foreign country, a motion to dismiss pursuant to the doctrine *forum non conveniens* is not the proper avenue for relief. KHO does not contend that venue in this district is improper (thus foregoing transfer under § 1406), and its only mention of § 1404(a) appears in the first and last sentences of its reply brief. The court will not consider arguments raised for the first time in a reply brief, and KHO's motion is due to be denied on this basis. However, as

---

defendant out of all proportion to plaintiff's convenience, or when the chosen forum is inappropriate because of considerations affecting the court's own administrative and legal problems, the court may, in the exercise of its sound discretion, dismiss the case.'" *Wilson v. Island Seas Inv., Ltd*, 590 F.3d 1264, 1269 (11th Cir. 2009) (quoting *Am. Dredging Co.*, 510 U.S. at 447-48).

discussed below, even if KHO had properly invoked § 1404(a), the motion would nonetheless be denied.

Pursuant to § 1404(a), a district court may transfer a civil action to any other district in which it might have been brought "[f]or the convenience of the parties and witnesses," and "in the interest of justice." Because federal courts usually accord deference to a plaintiff's choice of forum, the burden is on the movant to show that the suggested forum is more convenient or that litigation there would be in the interest of justice. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1989). Ultimately, a district court has "broad discretion in weighing the conflicting arguments as to venue," *England v. ITT Thompson Indus., Inc.*, 856 F.2d 1518, 1520 (11th Cir. 1988), and must engage in an "individualized, case-by-case consideration of convenience and fairness," *Stewart Org., Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (internal quotation marks omitted).

Section 1404(a) mandates a two-step analysis. First, the court must determine whether the case originally could have been brought in the proposed transferee district. § 1404(a); *C.M.B. Foods, Inc. v. Corral of Middle Ga.*, 396 F. Supp. 2d 1283, 1286 (M.D. Ala. 2005). Second, the court must analyze whether, "[f]or the convenience of the parties and witnesses" and "in the interest of justice," the action should be transferred. § 1404(a); *see also Corral of Middle Ga.*, 396 F. Supp. 2d at 1286. In determining whether '[f]or the convenience of the parties and witnesses" and "in the interest of justice" the case should be transferred under § 1404(a), the court considers the following factors:

> (1) the convenience of the witnesses; (2) the location of relevant documents and the relative ease of access to sources of proof; (3) the convenience of the parties; (4) the locus of operative facts; (5) the availability of process to compel the attendance of unwilling witnesses; (6) the relative means of the parties; (7) a forum's familiarity with the governing law; (8) the weight accorded a plaintiff's choice of forum; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances.

*Manuel v. Convergys Corp.*, 430 F.3d 1132, 1135 n.1 (11th Cir. 2005).

The parties present their respective positions in the context of a *forum non conveniens* motion; however, because § 1404(a) essentially codified the common law doctrine of *forum non conveniens*, the statute employs similar factors and requires a similar analysis. Thus, the parties' arguments with respect to *forum non conveniens* are relevant in the § 1404(a) context.

The main area of contention is the relative weight that should be afforded the forum selection clause. KHO advocates for a lesser role, contending that the forum selection clause should be given equal consideration with the other convenience factors. (*See* Def.'s Br. in Supp. of Mot. to Dismiss 6 (Doc. # 8); Def.'s Reply Br. 1 (Doc. # 13).) OS, on the other hand, contends that the Supreme Court's admiralty decision in *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 10 (1972) – holding that a forum selection clause "should be enforced unless enforcement is shown by the resisting party to be 'unreasonable' under the circumstances" – is controlling in this case and provides the applicable standard. As discussed below, each party overstates its position.

In *Stewart Organization, Inc.*, decided after *Bremen*, the Supreme Court held that a forum selection clause is but one – albeit significant – factor in the normal § 1404(a) analysis. 487 U.S. at 31 ("The forum-selection clause, which represents the parties' agreement as to the most proper forum, should receive neither dispositive consideration . . . nor no consideration . . . , but rather the consideration for which Congress provided in § 1404(a)."). The Eleventh Circuit – embracing Justice Kennedy's concurring opinion in *Stewart Organization, Inc.* – has given even more import to such clauses. It held in *In re Ricoh Corp.* that "venue mandated by a choice of forum clause rarely will be outweighed by other 1404(a) factors." 870 F.2d at 573 & n.6. Thus, while a valid[2] forum selection clause it not dispositive of a § 1404(a) motion to transfer venue, the movant carries a considerably heavier burden in seeking transfer outside of the district mandated by such a clause.

Applying the factors, and giving due weight to the forum selection clause, the court finds that transfer is not warranted in this case. The only § 1404(a) factors addressed by KHO that arguably weigh in KHO's favor include (1) the convenience of the witnesses – specifically, Mr. Johns, who resides in Indiana, and KHO's employees, who presumably work and live in Michigan; and (2) the convenience of Dr. Letzer – who lives and works in Kalamazoo, Michigan. However, because Mr. Johns resides in Indiana, he would have to travel in either scenario (Alabama or Michigan). As to the KHO employees, KHO does not indicate who these individuals are, whether they would be called as witnesses, and if so, for

---

[2] KHO does not contest the validity of the forum selection clause.

what purpose(s). In other words, KHO fails to indicate the materiality of these witnesses – an essential aspect of the convenience analysis. Thus, it seems that KHO's sole reason for seeking transfer in this case is the inconvenience that would confront Dr. Letzer if he had to travel to Alabama for trial and/or discovery purposes.

The court is not unsympathetic to the needs of Dr. Letzer and his patients; however, as OS points out, the realities of modern litigation allow for remote discovery and communication. There is no indication that Dr. Letzer does not have the means to travel or that he would be required to travel more than two days at a time. Furthermore, there is no indication that OS would not be amenable to working around Dr. Letzer's schedule if need be. The case upon which KHO relies for the proposition that the unavailability of doctors is "problematic" – *Feinstein v. Curtain Bluff Resort*, No. 96 Civ. 8860, 1998 WL 458060, at *5 (S.D.N.Y. Aug. 5, 1998) – is distinguishable from the case at hand, as the doctors in *Feinstein* were non-party witnesses. The convenience of non-party witnesses receives considerably more weight than the convenience of parties or party-witnesses. *See Gould v. Nat'l Life Ins. Co.*, 990 F. Supp. 1354, 1359 (M.D. Ala. 1998) (noting that "[t]he convenience of the [non-party] witnesses is often said to be the 'most important factor' in deciding whether to transfer").

In sum, the potential inconvenience confronting Dr. Letzer does not satisfy KHO's burden in this case. Notably, the parties do not dispute that Alabama law applies. Most important, however, is the fact that Dr. Letzer, acting on behalf of KHO, freely agreed to the

forum selection clause at issue and, thus, freely agreed to venue in this district. (*See* Def.'s Br. in Supp. of Mot. to Dismiss 6 ("[T]he forum-selection clause facially indicates a meeting of the minds . . . that the . . . Middle District of Alabama is the proper forum.").) Accordingly, even if KHO had brought a motion to transfer under § 1404(a), its motion would be denied.

## IV.  CONCLUSION

For the foregoing reasons, it is ORDERED that Defendant's Motion to Dismiss (Doc. # 7) is DENIED.

DONE this 26th day of July, 2010.

       /s/ W. Keith Watkins
   UNITED STATES DISTRICT JUDGE